# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>ALLINA HEALTH SYSTEM, BLACKBAUD, INC.,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT BLACKBAUD, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1453** |

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), and 1453(b), Defendant Blackbaud, Inc. ("Blackbaud") removes this civil action from the Minnesota District Court, Fourth Judicial District, Hennepin County where it is currently pending as Civil Action No. 27-CV-20-13221 (the "State Court Action"), to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Blackbaud states:

## I.   BACKGROUND

1. On October 7, 2020, Plaintiff Brian Peterson ("Plaintiff") filed the Complaint in this action in the Minnesota District Court, Fourth Judicial District, Hennepin County. A copy of the Summons and Complaint is included in Exhibit A to this Notice.

2. Blackbaud is a Delaware Corporation with its principal place of business in South Carolina. Compl. ¶ 3. Blackbaud was served with a copy of a summons and complaint on October 8, 2020.

3. In the Complaint, Plaintiff alleges he received health care from Defendant Allina Health System and that Defendant Allina Health System "released to Defendant

Blackbaud information relating to health care that Plaintiff and other similarly situated individuals received from Allina." *See generally* Compl. ¶¶ 5-7. Plaintiff further alleges that "Blackbaud released some or all of the patient information identified in the previous paragraph to a third party, who used this information for nefarious purposes." *Id.* ¶ 8. Plaintiff alleges that the Defendants violated the Minnesota Health Records Act. *Id.* ¶¶ 20-31. Plaintiff also appears to allege that Defendants "negligently or intentionally released class members' health records." *Id.* ¶ 36.

4.  In the Complaint, Plaintiff seeks to serve as a class representative for a class consisting of: "[A]ll persons who had their health records released by [Defendant Allina Health System] to Defendant Blackbaud during the relevant liability period." *Id.* ¶ 32.

5.  Blackbaud has not filed a responsive pleading to the Complaint in the State Court Action, and no other proceedings have been filed by Blackbaud other than its counsel entering its appearance and filing a motion for an extension to move, answer or otherwise respond to the Complaint. As required by 28 U.S.C. § 1446(a), attached to this Notice of Removal as additional exhibits are true and correct copies of all process, pleadings and orders served in this action:

- Civil Cover Sheet
- Affidavits of Service
- Notice of Case Assignment
- Notice of Appearance of Joseph G. Schmitt and Ronald I. Raether, Jr.
- Notice of Motion to Enlarge Time to Respond to Complaint
- Motion to Enlarge Time to Respond to Complaint

- Proposed Order Granting Motion to Enlarge Time to Respond to Complaint

6. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it has been filed within thirty (30) days of October 8, 2020, the date on which Blackbaud was served with a copy of the initial pleading setting forth the claims for relief upon which this action is based.

7. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Blackbaud will file a true and correct copy of this Notice of Removal with the Clerk of the Minnesota District Court, Fourth Judicial District, Hennepin County in which the action is currently pending. Blackbaud will also give written notice of this Notice of Removal to Plaintiff and Defendant Allina Health System.

8. Venue is proper in the United States District Court for the District of Minnesota because it is "the district . . . embracing the place" where the State Court Action is pending—Hennepin County, Minnesota. *See* 28 U.S.C. § 1441(a).

9. Because this action is being removed pursuant to 28 U.S.C. § 1453(b), Blackbaud may remove this action "without the consent of all defendants."

## II.   GROUNDS FOR REMOVAL

10. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and: (i) a member of the class of plaintiffs is a citizen of a state different from Blackbaud ("minimum diversity"); (ii) the number of proposed class members is 100 or more; and (iii) the amount in controversy as pled exceeds $5 million in

the aggregate, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

11.     Minimum diversity is achieved because Plaintiff alleges that he is a citizen of Minnesota. Compl. ¶ 1. Plaintiff further alleges that Blackbaud is a citizen of Delaware and South Carolina. Compl. ¶ 3. Therefore a member of the class (*i.e.* Plaintiff) is a citizen of a State different from any defendant (*i.e.* Blackbaud). *See* 27 U.S.C. § 1332(d)(2)(A).

12.     Plaintiff alleges that "The exact number of the class is unknown, but it will be comprised of thousands of class members." Compl. ¶ 35. Therefore, the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B).

13.     The Plaintiff seeks a judgment "in an amount exceeding $50,000, including attorney fees, the exact amount to be proven at trial[.]"[1] Compl., p. 8 (ad damnum clause ¶ 4. Plaintiff's claims are alleged to be typical of the members of the putative class. *Id.* ¶ 39. Plaintiff further alleges that the putative class numbers in excess of 1,000 individuals who are similarly situated to Plaintiff. Compl. ¶ 32, 35. Thus, as pled, the amount in controversy in this action exceeds $5 million in the aggregate, because if each class member's claim resulted in the same damages as Plaintiff's claim, the aggregate damages for the class would be in excess of $50 million.

14.     In addition to the above, the Minnesota Health Records Act also permits a prevailing plaintiff to recover costs and reasonable attorney fees. *See* Minn. Stat. 144.298,

---

[1] Under Minn. Stat. § 544.36, "[i]f a recovery of money in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought."

Subd. 2. Plaintiff explicitly seeks to recover attorneys' fees.[2] Compl., p. 8 (ad damnum clause ¶ 4. Plaintiff also seeks leave to "amend the Complaint to seek punitive damages." *Id.* at ¶ 6. "When the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising,* 938 F.3d 981, 984 (8th Cir. Sep. 17, 2019) (quoting *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013)).

15.  Notwithstanding the denials and defenses that Blackbaud may assert to the allegations in the Complaint (including opposing the certification of any putative class), Plaintiff's allegations demonstrate that the amount he has placed in controversy significantly exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

16.  Because the facts in this case satisfy the CAFA jurisdictional requirements, this action is removable to the United States District Court for the District of Minnesota under 28 U.S.C. § 1332(d)(2).

WHEREFORE, Blackbaud hereby gives notice that the above action pending in the Minnesota District Court, Fourth Judicial District, Hennepin County is removed in its entirety to this Court.

---

[2] Under Minn. Stat. § 544.36, "[i]f a recovery of money in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought."

Respectfully submitted,

Dated: November 3, 2020

By s/ Joseph G. Schmitt
Joseph G. Schmitt (0231447)
NILAN JOHNSON LEWIS
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7577
FAX: 612-305-7501
jschmitt@nilanjohnson.com

Ronald I. Raether, Jr. (0272577)
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949-622-2700
FAX: 949-622-2739
ron.raether@troutman.com

*Attorneys for Defendant Blackbaud, Inc.*