| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Other Civil
Judge: _____
Court File No. _____

Brian Peterson, on behalf of
himself and all others similarly
situated,

       Plaintiff,

v.

Allina Health System and
Blackbaud, Inc.;

       Defendants.

**SUMMONS IN A CIVIL ACTION**

TO:   Allina Health System and Blackbaud, Inc.

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you

and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: October 7, 2020

*/s/ Joshua Williams*
_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Other Civil
Judge: _____
Court File No. _____

Brian Peterson, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

Allina Health System and Blackbaud, Inc.;

    Defendants.

**CLASS ACTION COMPLAINT**

Plaintiff, as and for his Complaint, states and alleges as follows:

## PARTIES

1. Plaintiff is an adult man who currently resides and has resided in the state of Minnesota at all times relevant to this action.

2. Defendant Allina Health System is a Minnesota corporation in the business of owning and operating an organization of clinics, hospitals and other health care services. Allina's principal place of business is located in Minneapolis, Minnesota. Its registered office in the state of Minnesota is located at 2625 Chicago Avenue, Mail Route 10905, Minneapolis, Minnesota 55407.

3. Defendant Blackbaud, Inc. is a Delaware corporation in the business of operating a cloud software company. Blackbaud's principal place of business is located in South Carolina. Its registered office in the state of

Minnesota is located at 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

**JURISDICTION**

4. This is an action for relief for damages caused by Defendants' conduct. This Court has jurisdiction over this matter under the Minnesota Health Records Act, Minn. Stat. § 144.291, *et seq.* Venue lies properly in Hennepin County, Minnesota, pursuant to Minn. Stat. § 542.09, as the events giving rise to this action occurred in Hennepin County and at least one Defendant resides in Hennepin County.

**GENERAL ALLEGATIONS**

5. Plaintiff received health care from Defendant Allina on numerous occasions.

6. On September 25, 2020 Plaintiff received an email from Defendant Allina, which is attached to this Complaint as Exhibit 1.

7. The September 25 email confirmed that Defendant Allina released to Defendant Blackbaud information relating to health care that Plaintiff and other similarly situated individuals received from Allina. This information includes names and addresses, and possibly dates of birth, dates Allina cared for patients, the names of doctors who admitted or treated patients, and Allina locations its patients visited.

8. The September 25 email confirmed that in May 2020 Blackbaud released some or all of the patient information identified in the previous paragraph to a third party, who used this information for nefarious purposes.

2

9. Plaintiff and similarly situated individuals did not consent to Defendant Allina releasing the information identified in the previous paragraphs to Defendant Blackbaud.

10. Plaintiff and similarly situated individuals did not consent to Defendant Blackbaud releasing the information identified in the previous paragraphs to other third parties.

11. Defendants' conduct caused Plaintiff and similarly situated individuals to suffer harm.

12. This harm includes, but is not limited to, anger, embarrassment, frustration, nervousness, loss of trust, betrayal, and anxiety.

13. Additionally, Defendants' conduct caused Plaintiff and similarly situated individuals to suffer a marked increase in unwanted spam communications from other third parties.

14. The acts and omissions of Defendants' agents and employees, as set forth above, were committed within the time and space limits of their agency relationship with their principals, Defendants Allina and Blackbaud.

15. The acts and omissions of Defendants' agents and employees, as set forth above, were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendants Allina and Blackbaud.

16. Defendants failed to put into place systems or procedures to ensure that Plaintiff's and similarly situated individuals' health records would be protected and would not be subject to unauthorized access.

17. Defendants could have taken appropriate security safeguards with regard to Plaintiff's and similarly situated individuals' health records, but failed to do so.

18. Alternatively, if Defendants put into place safeguards to prevent the unlawful access and viewing of Plaintiff's and similarly situated individuals' health records, those safeguards were inadequate to protect Plaintiff's and similarly situated individuals' health records from unauthorized access.

19. Defendants are therefore liable to Plaintiff and similarly situated individuals through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state law by their agents and employees.

**COUNT ONE**
**Violation of the Minnesota Health Records Act**

20. Plaintiff restates the previous paragraphs as though fully incorporated herein.

21. Plaintiff and similarly situated individuals were "patients," as that term is construed under the Minnesota Health Records Act, at all times relevant to this action. Minn. Stat. § 144.291, Subd. 2(g).

22. Defendant Allina was a "provider," as that term is construed under the Minnesota Health Records Act, at all times relevant to this action. Minn. Stat. § 144.291, Subd. 2(h).

23. Under the Minnesota Health Records Act, "health record" means any information, whether oral or recorded in any form or medium, that relates to the past, present, or future physical or mental health or condition of a

4

patient; the provision of health care to a patient; or the past, present, or future payment for the provision of health care to a patient. Minn. Stat. § 144.291, Subd. 2(c).

24. The patient information that Defendant Allina released to Blackbaud, as referenced above, constituted "health records," as that term is defined under the Minnesota Health Records Act.

25. The Minnesota Health Records Act makes it unlawful for a provider, or someone who receives records from a provider, to release a patient's health records to third parties without the patient or the patient's legally authorized representative's consent.

26. Defendants released Plaintiff's and similarly situated individuals' health records.

27. Plaintiff and similarly situated individuals did not consent to Defendants releasing their health records in the manner they did, as detailed above.

28. Minn. Stat. § 144.293 sets forth exceptions to the consent requirement.

29. Defendants' release of Plaintiff's and similarly situated individuals' health records, as detailed above, did not fall under any of the exceptions to the consent requirement set forth in Minn. Stat. § 144.293.

30. Defendants negligently and/or intentionally released Plaintiff's and similarly situated individuals' health records.

31. Plaintiff's enforcement of his rights under the Minnesota Health Records Act does not constitute waiver of any privilege or his right to privacy under any laws, including but not limited to the Minnesota Health Records Act.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and on behalf of all individuals similarly situated. The proposed class is defined as follows: all persons who had their health records released by Defendant Allina to Defendant Blackbaud during the relevant liability period.

33. This action is maintainable as a class action under Minnesota Rule of Civil Procedure 23.01 because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interest of the class.

34. This action is also properly maintainable as a class action under Minnesota Rule of Civil Procedure 23.02 because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. The members of the class identified above are so numerous that joinder of all members is impracticable. The exact number of the class is

unknown, but it will be comprised of thousands of class members. The exact number may be determined from records maintained by the defendants.

36. There are numerous and substantial questions of law and fact common to all of the members of the Class, including but not limited to the following:

    a. Whether defendants violated the Minnesota Health Records Act;

    b. Whether defendants negligently or intentionally released class members' health records.

37. Defendants are expected to raise common defenses to this class action, including denial that their actions violated the law.

38. The named plaintiff will fairly and adequately protect the interests of the Class and he has retained counsel experienced and competent in the prosecution of complex litigation.

39. The claims of the named plaintiff, set forth herein, are typical of the claims of the Class. The named plaintiff has the same interests and suffered from the same injury as the class members. The named plaintiff and the class the named plaintiff seeks to represent all had their health records released to third parties without their consent.

40. Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against powerful corporate entities.

41. Plaintiff is unaware of any other litigation concerning this controversy commenced by or for other class members.

42. Litigation should be concentrated in this forum because Defendant Allina is headquartered in Minneapolis, which is located within this forum.

43. The Court has the resources and ability to effectively manage this class action.

## JURY DEMAND

44. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Certify this case as a class action;

2. Designate Plaintiff as representative of the class and Plaintiff's counsel as Class Counsel;

3. Declare that Defendants' conduct, as detailed above, violated the Minnesota Health Records Act;

4. Enter judgment in Plaintiff's favor on his claims against Defendants in an amount exceeding $50,000, including attorney fees, the exact amount to be proven at trial;

5. Award Plaintiff and the class damages to compensate them for the injuries they suffered as a result of Defendants' unlawful conduct;

6. Grant Plaintiff to leave to amend the Complaint to seek punitive damages;

7. Grant Plaintiff leave to amend the Complaint if the Court finds it deficient in any way;

8. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees under Minn. Stat. § 144.298;

9. Leave to add additional Plaintiffs;

10. Grant Plaintiff all other statutory relief to which he is entitled;

11. Grant any other relief the Court deems just and equitable.

Dated: October 7, 2020

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

A.L. Brown (#331909)
A.L.Brown@CCLAWG.COM
287 East Sixth Street, Suite 20
Saint Paul, Minnesota 55101
(651) 705-8580
(651) 705-8581 Fax

**ATTORNEYS FOR PLAINTIFF**

**ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211**

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated: October 7, 2020

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEY FOR PLAINTIFF**

-----Original Message-----
From: Allina Health <donotreplyprivacy@ALLINA.COM>
To: DO_NOT_REPLY_PRIVACY@LISTSRV01.ALLINA.COM
Sent: Fri, Sep 25, 2020 6:21 am
Subject: Notification of Blackbaud Data Security Incident

# EXHIBIT 1



As a valued member of our community, we want to inform you of a security incident of which we have become aware. We were notified in mid-July, by Blackbaud, a company that provides donor management software to our family of 13 philanthropic foundations, that they had experienced a ransomware attack in May. This was a nationwide incident affecting many organizations. You may have received notices from other nonprofits to whom you donate about this same security incident. Allina Health has been in the process of investigating this incident since we received notice of it to provide you with the most accurate information about this incident.

In a ransomware attack, cybercriminals attempt to disrupt a business by locking companies out of their own data and servers. After discovering the attack, the Blackbaud Cyber Security team—together with independent forensics experts and law enforcement—successfully

prevented the cybercriminal from blocking their system access and fully encrypting files; and ultimately expelled them from their system.

However, we have learned that prior to locking down Blackbaud's system, the cybercriminal removed a copy of a subset of non-encrypted data.

A very limited amount of non-financial information could have been potentially accessed, as follows:

This information did include:
- Names
- Addresses

This information may have included:
- Dates of birth
- Dates we cared for the patient identified in the record
- The names of doctors who admitted or treated patients
- Allina locations visited

This information DID NOT include:
- Credit card information
- Bank account information
- Social security numbers
- Any additional medical information, such as diagnosis or treatment plan

Based on the nature of the incident, its own internal research and a law enforcement investigation, Blackbaud has said they have no reason to believe the information was or will be misused. A full description of the incident is available on the Blackbaud website at www.blackbaud.com/securityincident. Blackbaud did pay the

cybercriminal's demand with confirmation that the copy of the data that they removed had been destroyed.

You may be wondering why Allina Health collects this information. As a nonprofit organization, Allina Health relies on support from our foundations to help fund the health care services, treatment and research that enables us to provide outstanding care to our patients. Often, people choose to make a donation to our foundation after they, or a loved one, has had a positive experience with us. We, like many other health care organizations, track a limited amount of information in the Blackbaud database so we're able to identify which doctor or department someone has interacted with in case they'd like to direct their gift to a specific program. Programs like this are common among nonprofit health care organizations, and this information is collected to advance the nonprofit mission of Allina Health.

Allina Health is committed to your privacy. While we believe there is a low risk of your information being compromised, we understand that these types of events can cause concern. We are deeply sorry for any concern or inconvenience that this incident causes you. While we do not believe that this incident puts patients at risk for identity or financial theft, we do encourage everyone to continue practicing the usual caution around suspicious communication and promptly report any suspected identity theft or other suspicious activity to the proper law enforcement authorities.

Should you have any questions, please visit our FAQs.

© 2020 Allina Health. All rights reserved.

**Please do not reply to this email.**